No. 284

SLABODKER BENE. CEMETERY ASSN. v. GARFIELD HEIGHTS

Ohio Court of Appeals, Cuyahoga County
No. 4146. March 3, 1923

This opinion has not been published except in Abstract.

ORDINANCE—(1) Reasonableness of ordinance restricting burial—(2) Test of reasonableness applied by the court.

(Middleton, Sayre and Mauck, JJ., Fourth District, sitting)

SAYRE, J.

Epitomized Opinion

An action was brought by a certain Cemetery Association to enjoin the Village of Garfield Heights from enforcing an ordinance prohibiting the interment of the dead in certain parts of the village. This ordinance was passed in 1910 and prohibited the burial of dead in any place within the corporate limits other than the burial grounds existing at the time of the passage of the ordinance. The plaintiff acquired its property in 1921, and at that time various allotments had been laid out on three sides of these grounds. Many people were also living in this vicinity. The plaintiff claimed that the ordinance was unreasonable and void because in violation of the right to have and posses private property as guaranteed by our constitutions. It was also contended that the cemetery was not obnoxious to the public health or welfare. As the lower court denied the injunction, the plaintiff appealed. Held:

1. Where the evidence shows that a cemetery, if not now, will within a reasonable length of time become obnoxious to the public health or welfare, an ordinance prohibiting its use is not unreasonable.

2. A court will not say that an ordinance prohibiting further burial in a cemetery is unreasonable except where there are large and sparsely settled tracts in the municipality, which are expected to remain such.

Attorneys—Kollin, for plaintiff; Hopkins, for Garfield Heights Village.

---

No. 285

EAST CLEVELAND v. WALD

Ohio Court of Appeals, Cuyahoga County
No. 4302. Feb. 23, 1923

This opinion has not been published except in Abstract.

VERDICT—(1) Against the weight of evidence—(2) Excessive damages.

(Cushing, Buchwalter and Hamilton, JJ., First District, Sitting)

HAMILTON, J.

Epitomized Opinion

Plaintiff sued the municipality of East Cleveland for personal injuries. Plaintiff came out of a store on to one of teh city's sidewalks, and seeing her husband on the other side, started across the street. No streeet intersection or crossing existed at the point where she started to cross. Arriving at the edge of the sidewalk, she feell and suffered severe injuries. At the edge of the sidewalk there was a step leading down to the curb. The city was charged with permitting a nuisance to exist along one of its streets. The evidence showed that the sidewalk was above grade and violated an ordinance requiring sidewalks to coincide with the grade line. Plaintiff secured a compound fracture of the leg and inujry to the ankle, from which several operations were necessary. However, a complete cure was effected. As plaintiff secured a verdict of $16,000, the city prosecuted error. Held:

1. That theere was sufficient evidence to justify the jury in finding that the city was guilty of negligence.

2. Although no evidence of passion or prejudice appears on the part of the jury in arriving at the amount of the verdict, the evidence does not justify a judgment of $16,000, but would justify a judgment of $10,000.

Remittitur ordered.

Attorneys—DeKaiser, for plaintiff; Binyon, for city.

---

No. 286

CLEVELAND RY. CO. v. BEZOSKA

Ohio Court of Appeals, Cuyahoga County
No. 4235. Feb. 26, 1923

LIABILITY—(1). No assumption of liability in charge of court—(2) Repetitions of the same legal proposition when there is only one theory to lawsuit, is not error.

Epitomized Opinion

Error to Cuyahoga Court of Common Pleas

PER CURIAM:

Bezoska obtained a judgment in the lower court of $1500 for injuries sustained while she was a passenger in one of the Railway Company's cars. The Railway Company seeks to have the judgment reversed on the ground that the trial court, in his charge, assumed a liability on the part of the Railway Company and also submitted to the jury three requests which were but repitition of the same legal proposition. Held by Court of Appeals in affirming judgment:

1. Submission of the case to the jury upon the undisputed testimony of the plaintiff is not an assumption by the court that there was a liability on the part of the Railway Company.

2. There being only one theory to a lawsuit, it cannot be said that the action of the court in emphasizing the law applicable to the case, was prejudicial error.

Attorneys—Squire, Sanders & Dempsey, for Ry. Co.; Payer, Winch, Minshall & Karch, for Bezoska.